Steven J. Goon (State Bar No. 171993)
sgoon@rutan.com
Karen E. Walter (State Bar No. 186934)
kwalter@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:    714-546-9035

Attorneys for Defendant
FLAX USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| GARO MADENLIAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FLAX USA, INC., and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.  SACV13-01748 JVS (JPRx)<br><br>Honorable James V. Selna<br>Courtroom 10C<br><br>*DISCOVERY MATTER*<br><br>Hon. Judge Jean P. Rosenbluth<br>Courtroom 6A, Spring Street<br><br>**PROTECTIVE ORDER**<br><br>Action Filed:   November 5, 2013<br>Trial Date:      August 25, 2015 |

GOOD CAUSE APPEARING, AND BASED ON THE STIPULATION OF THE PARTIES, THE FOLLOWING PROTECTIVE ORDER IS HEREBY APPROVED AND ORDERED:

## **GOOD CAUSE STATEMENT**

Good cause exists for entering into a Protective Order because, among other things, (1) Plaintiff intends to propound discovery on Defendant that may encompass confidential, proprietary and sensitive records that Plaintiff contends are relevant to this action, including but not limited to, information relating to the manufacturing, production, formulation, distribution, pricing, and sales of the flax

milk products at issue in this case, internal communications that may contain confidential business discussions, strategy, and related financial information (collectively and individually, "Defendant's Records"); (2) Defendant intends to propound discovery on Plaintiff that may encompass private, confidential and sensitive records that Defendant contends are relevant to this action, including but not limited to banking records, other financial records and health records (collectively and individually, "Plaintiff's Records"); (3) discovery in this case may encompass Defendant's business contracts with third parties that contain confidentiality terms, and/or subpoenas to third parties bound by such contractual confidentiality terms in business contracts; and (4) absent a protective order, Plaintiff and Defendant will suffer prejudice.

Protection of confidential business information, plans and records is common in litigation. See, e.g., Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc., 242 F.R.D. 552, 555 (C.D. Cal. 2007) ("Fed. R. Civ. P. 26(c)(7) ... allows for protection of 'confidential commercial information'") (citing Vesta Corset Co., Inc. v. Carmen Found., Inc., 1999 U.S. Dist. LEXIS 124, 1999 WL 13257, at *3 (S.D.N.Y. 1999) and Davis v. AT&T Corp., 1998 U.S. Dist. LEXIS 20417, 1998 WL 912012, at *2 (W.D.N.Y. 1998)).  Additionally, other proprietary business information may be safeguarded though a protective order. Miles v. Boeing Co., 154 F.R.D. 112, 114-15 (E.D. Pa. 1994) (entering protective order where information about defendant's competitive labor pricing, if made available to the general public, would allow competitors to examine defendant's production abilities); Sprinturf, Inc. v. Southwest Recreational Industries, Inc., 216 F.R.D. 320, 324 (E.D. Pa. 2003) (protecting information about defendant's market share and proprietary information regarding development of defendant's product line, the release of which competitors could exploit to undermine defendant's market position).

/ / /

/ / /

# PROTECTIVE ORDER

THEREFORE, the Court, believing that good cause exists, orders that the following procedures shall be followed in this Action to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of confidential or proprietary information.

**Definition of Designated Materials.**

1. This stipulation and protective order (the "Order") shall apply to all information, documents, and things subject to discovery or otherwise exchanged by the Parties or submitted to the Court in this Action that are owned or controlled by a Party and believed by the Party to contain its trade secrets or other private or confidential information, including, but not limited to, Plaintiff's Records and Defendant's Records and information contained therein or derived therefrom (including, without limitation, testimony at depositions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission).  The term DESIGNATED MATERIAL(S) used herein shall include all the foregoing and all information, documents, and things derived therefrom, including, but not limited to, copies, summaries, or abstracts thereof.

**Procedure for Designating Materials.**

2. The Parties shall label or mark documents and things that they deem to be DESIGNATED MATERIALS, at the time of production, with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (or similar designation) on every such page produced or, if the entire document is to be treated as DESIGNATED MATERIAL, on the first page of the document with an indication that the designation applies to the entire document.  In the case of electronic files, the designation may be included: in the file name; in the folder name, if all files in the folder are DESIGNATED MATERIALS; or on the physical medium containing the electronic files if all files contained on the physical medium

are DESIGNATED MATERIALS.

3. Parties may designate as DESIGNATED MATERIAL deposition testimony by identifying portions of any transcript (including exhibits) which contain DESIGNATED MATERIAL and making a statement on the record or designating the DESIGNATED MATERIAL portions within thirty (30) days after counsel's receipt of the transcript. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed DESIGNATED MATERIAL; if no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any DESIGNATED MATERIAL.

4. Non-parties who produce materials in connection with this litigation shall have the right to seek all of the protections available to the Parties under the terms of this Order. Discovery obtained from non-parties may be marked "CONFIDENTIAL," making it DESIGNATED MATERIAL as that term is defined herein, by (i) the producing non-parties or (ii) any Party if the information provided by non-parties embodies, contains or reflects the Party's protected information. Unless otherwise agreed in writing between counsel for the Parties, documents and information so produced by a non-party shall automatically be deemed to be and shall be treated as DESIGNATED MATERIAL for thirty (30) days following their actual receipt by counsel for the Parties, in order to enable counsel to determine whether any protected information is embodied therein.

5. The Party designating any information as DESIGNATED MATERIALS shall, in the first instance, determine in good faith whether those materials constitute DESIGNATED MATERIAL covered by this Order. The receiving party may object in good faith to such designation at any time. A failure of any Party to expressly challenge a designation shall not constitute a waiver of the right to assert at a subsequent time that a designation is not in fact an appropriate designation for any reason. Upon such objection, the concerned Parties are

obligated to negotiate in good faith regarding the designation by the disclosing Party. In the event that the Parties are unable to resolve their dispute informally, and the Party challenging the designation can and does identify how it intends to use the document with the disputed designation, then the Party seeking protection may make a motion before the Court for resolution in accordance with the Federal Rules of Civil Procedure and Local Rule 37, including the joint stipulation provision.

**Use and Access to Designated Materials.**

6. DESIGNATED MATERIAL shall be used by the Parties solely for the purpose of prosecuting or defending claims in this litigation, and not for any other purpose, including, but not limited to, use in any business or commercial enterprise.

7. Access to and dissemination of DESIGNATED MATERIAL shall be limited to the following, unless this Court rules that there may be further disclosure:

   a. The Court;

   b. Court personnel, mediators, special masters, discovery referees, and court reporters and videographers recording testimony in this Action and members of the staff of the Court whose functions necessitate access to DESIGNATED MATERIALS;

   c. the Parties and their employees;

   d. Counsel of record, including counsel's agents and employees, such as paralegals, legal translators, legal secretaries, legal clerks, shorthand reporters, independent shorthand reporters and videographers retained to record and transcribe testimony in connection with this Action, outside copy venders that are reasonably necessary for maintaining, defending or evaluating this Action, independent data entry or data processing entities retained in connection with this Action, graphics or design consultants retained for purposes of preparing demonstratives or other exhibits for deposition, trial or other court proceedings, and non-technical jury or trial consultants;

   e. the authors, senders, addressees, and copy recipients of such

DESIGNATED MATERIAL;

  f. experts or independent consultants engaged by counsel or the Parties to assist in this litigation who are not currently employed by a Party or a direct competitor of a Party and who, at the time of retention, are not anticipated to become an employee of a Party or a direct competitor of a Party, provided that prior to any such disclosure each such expert or consultant signs the Consent (attached as Exhibit A); and

  g. any other person as to whom the Parties first agree in writing and who signs the Consent before being provided with DESIGNATED MATERIAL.

  These restrictions may be altered or supplemented by written stipulation between the Parties or upon application of any Party, only if approved by Court Order.

  8. Counsel shall retain all executed Consents, and a copy of any executed Consents shall be provided to all adverse Parties upon order of the Court for good cause shown.

  9. Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition and may testify concerning all DESIGNATED MATERIALS that he or she wrote or received. Without in any way limiting the generality of the foregoing:

  a. A present director, officer, and/or employee of a producing Party may be examined and may testify concerning all DESIGNATED MATERIALS which have been produced by that Party;

  b. Former directors, officers, agents, consultants and/or employees of a producing Party may be interviewed, examined and may testify concerning all DESIGNATED MATERIALS; and

  c. Non-parties may be examined or testify concerning any document containing DESIGNATED MATERIALS of a producing Party which appears on its face or from other documents or testimony to have been written or

received by the non-party as a result of any contract or relationship with the producing Party, or a representative of such producing Party.

10. If any DESIGNATED MATERIALS or pleadings or other papers containing DESIGNATED MATERIALS must be filed with the Court in connection with any memorandum, pleadings, or other filings or proceedings herein, the papers shall be filed pursuant to the procedure set forth in Local Rule 79-5.1.

11. At the appropriate time, the Court will determine the extent to which the Order will control the use of protected information at trial. If, and once this action proceeds to trial, any DESIGNATED MATERIALS introduced as evidence at trial shall be presumed available to the public, unless there is a ruling by the Court providing otherwise. DESIGNATED MATERIALS not introduced as evidence at trial shall maintain such protections and designations after commencement of any trial in this matter. Before the trial begins, the Parties will meet and confer in good faith as part of the pre-trial conference statement process to put into place a procedure for identification of and use of any materials the Parties want to maintain as DESIGNATED MATERIALS at trial, which it shall submit to the Court for approval. Absent any court order to the contrary, DESIGNATED MATERIALS designated before trial shall maintain their status through the time of the pretrial conference and meet and confer procedures described above. If the Parties cannot reach agreement on a procedure, any Party may seek appropriate court orders concerning the handling at trial of DESIGNATED MATERIALS.

12. The Parties shall (a) maintain all DESIGNATED MATERIALS of another Party in a secure place that is reasonably inaccessible to anyone other than those persons authorized under this Order to receive such information, (b) take reasonable steps to ensure that such information is not disclosed to other persons, and (c) take reasonable steps to secure electronically stored data.

**Disclosure of Designated Materials**.

13. If any document or information designated DESIGNATED

MATERIAL by the Parties hereunder is disclosed to any person not entitled to receive that document or information, such disclosure shall not result in forfeiture or limitation of the protections of this Order. Any such recipient:

    a.    Shall promptly be informed of all the provisions of this Order by the Party who discovers the improper disclosure and asked to return all copies of improperly received DESIGNATED MATERIAL;

    b.    Shall be identified immediately to all other Parties; and

    c.    Shall be requested to sign a Consent, attached as Exhibit A, which signed Consent shall be served on the opposing Parties.

**Non-Waiver Right to Designate.**

14. If, for any reason, a person produces any DESIGNATED MATERIALS pursuant to this litigation without marking the information as DESIGNATED MATERIALS, the producing person may subsequently request that the receiving party treat previously produced documents, information, or things as DESIGNATED MATERIALS by notifying the receiving party of the error and sending copies appropriately marked. Upon receipt of such notice, the receiving party will comply with the request. If the documents, information, or things have been disclosed beyond those permitted access in paragraph 7 above, the receiving party will use its best efforts to recall any such distributed copies.

**Case Termination.**

15. Within sixty (60) days after final termination of this Action, receiving counsel shall return or certify destruction of all DESIGNATED MATERIAL. Notwithstanding this, however, outside counsel of record for the Parties may retain a copy of all Court filings; correspondence; discovery requests and responses; deposition, hearing or trial transcripts; expert reports; attorney work product; and exhibits to any of the foregoing, provided that outside counsel of record continues to treat all DESIGNATED MATERIALS in the manner provided in this Order.

/ / /

**General Provisions.**

16. This Order shall not be construed as an agreement by the Parties to produce or supply any document, or as a waiver by the Parties of the right to object to the production of any document, or as a waiver of any claim of privilege with regard to the production of any document.

17. Nothing herein shall preclude any Party from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances; provided, however, that prior to such application, the Parties involved shall make a good faith effort to resolve the matter by agreement. Any such request of the Court must be made pursuant to Local Rule 37.

18. This Court is responsible for the interpretation and enforcement of this Order. All disputes concerning DESIGNATED MATERIALS produced under the protection of this Order shall be resolved by this Court. The Parties shall remain bound by this Order and the Court shall retain jurisdiction to enforce or modify this Order even after the termination of this litigation.

19. Nothing contained in this Order shall preclude any party from using its own protected information in any manner it sees fit, without prior consent of any other party or the Court. Nothing herein shall operate as any admission by any of the parties hereto that any particular materials contains or reflects trade secrets, or other confidential or proprietary information.

**IT IS SO ORDERED.**

Dated: May 27, 2014

_____
Hon. Jean P. Rosenbluth
Magistrate Judge U.S. District Court
Central District of California