Steven J. Goon (State Bar No. 171993)
sgoon@rutan.com
Karen E. Walter (State Bar No. 186934)
kwalter@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:   714-546-9035

Attorneys for Defendant
FLAX USA, INC.

Chant Yedalian (State Bar No. 222325)
chant@chant.mobi
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202
Telephone:   877-574-7100
Facsimile:   877-574-9411

Attorneys for Plaintiff
GARO MADENLIAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARO MADENLIAN, on behalf of himself and all others similarly situated,<br><br>             Plaintiff,<br><br>      vs.<br><br>FLAX USA, INC., and DOES 1 through 10, inclusive,<br><br>             Defendant. | Case No. SACV13-01748 JVS (JPRx)<br><br>CLASS ACTION<br><br>Honorable James V. Selna<br>Courtroom 827-A<br><br>**JOINT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with supporting Declarations and Evidence and Proposed Preliminary Approval Order]<br><br>Judge:       Hon. James V. Selna<br>Date:         September 22, 2014<br>Time:         1:30 p.m.<br>Ctrm:         827-A<br><br>Action Filed:  November 5, 2013<br>Trial Date:    August 25, 2015 |

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

PLEASE TAKE NOTICE that on September 22, 2014 at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 827-A of the above-referenced court, located at 411 West Fourth Street, Santa Ana, California, Plaintiff Garo Madenlian ("Plaintiff") and Defendant Flax USA, Inc. ("Defendant") will, and hereby do, jointly move pursuant to Fed. R. Civ. P. 23(e) for entry of the [Proposed] Order Preliminarily Approving Class Action Settlement, Conditionally Certifying the Settlement Class, Approving Class Notice and Scheduling Final Approval Hearing ("Preliminary Approval Order"). A copy of the [Proposed] Preliminary Approval Order is filed concurrently with this Motion.

This Motion is made and based on this Notice, the memorandum and points of authorities in support thereof, the concurrently filed Declarations and Evidence, the Stipulation of Settlement between Plaintiff and Defendant, including the exhibits thereto (previously filed at Dkt. #34), and all papers, pleadings, documents, argument of counsel, other materials contained in the file or presented before or during the hearing on this Motion, and any other evidence and argument the Court may consider.

Dated: August 22, 2014          Rutan & Tucker, LLP


                                By:     /s/ Steven J. Goon
                                        Steven J. Goon
                                        Attorneys for Defendant
                                        Flax USA, Inc.

Dated: August 22, 2014          Chant & Company
                                A Professional Law Corporation


                                By:     /s/ Chant Yedalian
                                        Chant Yedalian
                                        Attorneys for Plaintiff
                                        Garo Madenlian

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

-1-
NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................i

II.  PROCEDURAL BACKGROUND ...........................................................5

III. THE STANDARD FOR PRELIMINARY APPROVAL OF
     CLASS ACTION SETTLEMENTS .......................................................6

IV.  TERMS OF THE PROPOSED SETTLEMENT .......................................8

    A.   Benefit To Settlement Class Members From The
          Settlement Fund ......................................................................9

    B.   Release And Discharge Of Claims .........................................11

    C.   Payment Of Attorneys' Fees And Costs and Incentive
          Award .....................................................................................11

V.   THIS COURT SHOULD PRELIMINARILY APPROVE THE
     SETTLEMENT, PROVISIONALLY CERTIFY THE CLASS
     AND ENTER THE PRELIMINARY APPROVAL ORDER ....................12

    A.   The Settlement Should Be Preliminarily Approved
          Because It Satisfies Accepted Criteria....................................12

    B.   The Proposed Settlement Class Should Be Certified ..............14

        1.   The Settlement Class Satisfies Rule 23(a)...............15

            a.   Numerosity ....................................................15

            b.   Commonality ..................................................15

            c.   Typicality.......................................................16

            d.   Adequacy .......................................................16

        2.   The Settlement Class Satisfies Rule 23(b)(3)...........17

            a.   Common Questions Of Law And Fact
               Predominate....................................................17

            b.   A Class Action Is The Superior Mechanism
               For Adjudicating This Dispute........................19

    C.   The Proposed Notice Program Constitutes Adequate
          Notice And Should Be Approved .............................................20

VI.  CONCLUSION ..................................................................................22

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

-i-

NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

Amchem Prods., Inc. v. Windsor,
     521 U.S. 591 (1997) ............................................................... 14, 18, 19

Astiana v. Ben & Jerry's Homemade, Inc.,
     No. C 10-4387, 2014 U.S. Dist. LEXIS 1640 (N.D. Cal. Jan. 7, 2014) ...... 13, 18

Boyd v. Bechtel Corp.,
     485 F. Supp. 610 (N.D. Cal. 1979) ...................................................... 8, 9

Churchill Vill., L.L.C. v. GE,
     361 F.3d 566 (9th Cir. 2004) ................................................................ 12

Class Plaintiffs v. City of Seattle,
     955 F.2d 1268 (9th Cir. 1992) .............................................................. 12

Cotton v. Hinton,
     559 F.2d 1326 (5th Cir. 1977) ................................................................ 8

Ellis v. Naval Air Rework Facility,
     87 F.R.D. 15 (N.D. Cal. 1980), aff'd, 661 F.2d 939 (9th Cir. 1981) ................... 8

Gen. Tel. Co. of the Sw. v. Falcon,
     457 U.S. 147 (1982) ........................................................................... 16

Hanlon v. Chrysler Corp.,
     150 F.3d 1011 (9th Cir. 1998) ............................... 7, 12, 14, 16, 17, 18

In re Cendant Corp., Derivative Action Litigation,
     232 F.Supp.2d 327 (D. N.J. 2002) ........................................................ 3

In re Heritage Bond Litigation,
     2005 WL 1594403 (C.D. Cal. 2005) ..................................................... 3

In re Pac. Enters. Sec. Litig.,
     47 F.3d 373 (9th Cir. 1995) ................................................................. 7

In re POM Wonderful LLC Mktg. and Sales Practices Litig.,
     No. 10-02199, 2014 U.S. Dist. LEXIS 40415 (C.D. Cal. Mar. 25, 2014) ......... 13

/ / /

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

Page(s)

**FEDERAL CASES (CONT.)**

In re Syncor ERISA Litig.,
516 F.3d 1095 (9th Cir. 2008) ........................................................... 6, 7

In re Tableware Antitrust Litig.,
484 F. Supp. 2d 1078 (N.D. Cal. 2007) ............................................... 6

In re Veritas Software Corp. Sec. Litig.,
496 F.3d 962 (9th Cir. 2007) ............................................................. 12

Jones v. Conagra Foods, Inc.,
No. C 12-01633 CRB, 2014 U.S. Dist.
LEXIS 81292 (N.D. Cal. June 13, 2014) .......................................... 13

Laguna v. Coverall N. Am., Inc.,
753 F.3d 918, 923 (9th Cir. 2014) ....................................................... 8

Lanovaz v. Twinings N. Am., Inc.,
No. C-12-02646-RMW, 2014 U.S. Dist. LEXIS 57535 (N.D. Cal. Apr. 24,
2014) ............................................................................................... 13

Linney v. Cellular Alaska P'ship,
No. C-96-3008 DLJ, 1997 U.S. Dist. LEXIS 24300 (N.D. Cal. July 18,
1997), aff'd, 151 F.3d 1234 (9th Cir. 1998) ........................................ 8

Livingston v. Toyota Motor Sales USA, Inc.,
No. C-94-1377-MHP, 1995 U.S. Dist. LEXIS 21757 (N.D. Cal. June 1,
1995) ........................................................................................... 12, 14

Officers for Justice v. Civil Service Commission of City and County of San
Francisco,
688 F.2d 615 (9th Cir. 1982) ............................................................... 3

Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v.
Anderson,
390 U.S. 414 (1968) ........................................................................... 7

Sethavanish v. ZonePerfect Nutrition Co.,
No. 12-2907, 2014 U.S. Dist. LEXIS 18600 (N.D. Cal. Feb. 13, 2014) .......... 13

Shurland v. Bacci Café & Pizzeria on Ogden, Inc.,
271 F.R.D. 139 (N.D. Ill. 2010) ........................................................ 20

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

NOTICE OF MOTION AND MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**Page(s)**

**FEDERAL CASES (CONT.)**

Slaven v. BP Am., Inc.,
  190 F.R.D. 649 (C.D. Cal. 2000).........................................................................15

Staton v. Boeing Co.,
  327 F.3d 938 (9th Cir. 2003) ............................................................................17

Sullivan v. DB Invs., Inc.,
  667 F.3d (3rd Cir. 2011)....................................................................................19

Wal-Mart Stores, Inc. v. Dukes,
  131 S. Ct. 2541 (2011).......................................................................................15

Zinser v. Accufix Research Inst., Inc.,
  253 F.3d 1180 (9th Cir. 2001) (amended at 273 F.3d 1266).............................17

**STATE STATUTES**

Business & Professions Code
  section 17200 et seq............................................................................................2
  section 17500 et seq............................................................................................2

Civil Code
  section 1760 et seq.............................................................................................2

**RULES**

Federal Rules of Civil Procedure
  rule 23 ..................................................................................................14, 15, 22
  rule 23(a)...................................................................................4, 14, 15, 16, 17
  rule 23(a)(1) .......................................................................................................15
  rule 23(a)(2) .......................................................................................................15
  rule 23(a)(3) .......................................................................................................16
  rule 23(a)(4) .......................................................................................................16
  rule 23(b) .....................................................................................................14, 17
  rule 23(b)(3)................................................................................................4, 17, 20
  rule 23(b)(3)(D) .................................................................................................19
  rule 23(c)(2)(B)..................................................................................................20
  rule 23(e)(1) .......................................................................................................20
  rule 23(e)(2) .......................................................................................................12
  rule 23(g) .............................................................................................................4

Rutan & Tucker, LLP
*attorneys at law*

528/031580-0001
7272642.3 a08/22/14

-iv-

**Page(s)**

**OTHER AUTHORITIES**

Manual for Complex Litigation (Third)
    section 23.11 at 166 ............................................................................... 7
    section 30.41 at 236-38 (1995) ............................................................. 6

Manual for Complex Litigation (Fourth)
    section 21.632 at 320 (2004) ............................................................... 12

**Rutan & Tucker, LLP**
*attorneys at law*

528/031580-0001
7272642.3 a08/22/14

-v-

NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

I.   **INTRODUCTION.**

Plaintiff Garo Madenlian ("Plaintiff") and his counsel Chant Yedalian of Chant & Company A Professional Law Corporation ("Class Counsel"), jointly with Defendant Flax USA, Inc. ("Defendant") and its counsel Rutan & Tucker, LLP ("Defendant's Counsel"), respectfully submit this memorandum in support of their joint Motion for Preliminary Approval of Class Settlement (the "Motion").   As detailed below, the proposed settlement is fair, achieves substantial monetary relief for the Settlement Class, and should be preliminarily approved by the Court.

This class action is brought by Plaintiff on behalf of himself and all purchasers in the United States of Defendant's flax milk beverage.  The specific products involved are 32-oz cartons of aseptic (*i.e.*, shelf-stable, non-refrigerated) flax milk, which was sold in three flavors:  original, vanilla and unsweetened (the "Products").  Stober Decl., ¶¶ 2-4.  The Products contain ingredients including all of the following: Tricalcium Phosphate, Xanthan Gum, Vitamin A Palmitate, Vitamin $D_2$, and Vitamin $B_{12}$ (the "Challenged Ingredients").   First Amended Complaint ("FAC"), ¶ 16 (photograph of carton label).  The Products were first sold in 2011 and are no longer in production.  Stober Decl., ¶ 2.

Plaintiff alleges that he and all Class Members bought Defendant's flax milk Products based, at least in part, on the following allegedly misleading statement printed on all the cartons:  "All Natural Dairy Free Beverage*."  FAC, ¶¶ 4, 17-24.  Plaintiff alleges that, based on these statements, he and other purchasers believed the Products were "all natural" and contained no artificial or synthetic ingredients, and had they known that the Products contained the Challenged Ingredients (which they contend are artificial and/or synthetic), they would not have purchased the Products. Id., ¶¶ 30-34.   Plaintiff sued for violations of California's consumer protection statutes[1] seeking compensatory damages, restitution of the full purchase price, punitive damages and injunctive relief.  Id., ¶¶ 34-35, Prayer for Relief.

---

[1]   Plaintiff alleged causes of action under the Unfair Competition Law ("UCL" at

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

1   Defendant contends that the statements "All Natural Dairy Free Beverage* /
2   *Added Vitamins & Minerals," read in combination, do not represent that the added
3   vitamins and minerals are "all natural."  Defendant disputes that the inclusion of the
4   Challenged Ingredients renders the Products' carton false or misleading to
5   reasonable consumers.

6   On March 31, 2014, the Court denied Defendant's motion to dismiss the
7   original complaint.  (Dkt. #19.)  Thereafter, the parties engaged in mediation with
8   the Magistrate Judge and reached a comprehensive, nationwide settlement.  The
9   Stipulation of Settlement ("Settlement" or "Settlement Agreement") and its exhibits
10  were filed on August 18, 2014.  (Dkt. #34.)[2]

11  The terms of the Settlement are well-informed by exchanges of information
12  before and during the mediation.  Goon Decl., ¶¶ 3-4; Yedalian Decl., ¶¶ 14-16.
13  The settlement represents a compromise, given the parties' vehement dispute over
14  the merits and mutual acknowledgement of the risks and costs inherent in litigation.
15  As benefits to the Settlement Class, Defendant has stipulated to injunctive relief,
16  agreeing not to use the phrase "all natural" on any packaging for the Products
17  printed in the future.  (Settlement, § IV.D.)  The settlement also provides for
18  significant cash awards to Settlement Class Members who submit an Eligible Claim.
19  Settlement Class Members may seek *$3.25 per carton* for every Product they
20  purchased during the Settlement Class Period (up to a maximum of 10 cartons per
21  name or address) for which they indicate on the Claim Form both (1) the name of
22  the retailer where they purchased the Product and (2) the city and state where that
23  retailer is located.  (Settlement, § IV.A.)  Alternatively, Settlement Class Members
24  may seek *$2.50 per carton* for every Product they purchased during the Settlement
25  Class Period (up to a maximum of 10 cartons per name or address) without

26  Bus. & Prof. Code § 17200 et seq.), False Advertising Law ("FAL" at Bus. & Prof.
27  Code § 17500 et seq.) and the Consumer Legal Remedies Act ("CLRA" at Civ.
    Code § 1760 et seq.) FAC, ¶¶ 54-113.
    [2]   All capitalized terms used and not otherwise defined herein have the definitions
28  set forth in the Settlement Agreement.

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

-2-

NOTICE OF MOTION AND MOTION
FOR PRELIIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1   identifying their retailer.  (Ibid.)

2       Defendant does not know the "average" retail price of flax milk, particularly
3   across the entire country throughout the Settlement Class Period, but Swanson
4   Health Products and Amazon.com both currently advertise flax milk for sale
5   nationally at a retail price of $3.69 per carton.  Goon Decl., ¶ 5; Ex. 1.  Based on this
6   data, $3.25 per carton represents approximately 88% of the retail price.  Similarly,
7   $2.50 per carton represents approximately 68% of the retail price.  These amounts
8   are fair, adequate and reasonable.  "The proposed settlement is not to be judged
9   against a hypothetical or speculative measure of what *might* have been achieved by
10  the negotiators."  Officers for Justice v. Civil Service Commission of City and
11  County of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982).  Moreover, as long as
12  the Settlement is reasonable, it does not matter that under the best case scenario, the
13  potential value of the case may be higher.  In re Cendant Corp., Derivative Action
14  Litigation, 232 F.Supp.2d 327, 336 (D. N.J. 2002) (approving settlement which
15  provided less than 2% value compared to maximum possible recovery); In re
16  Heritage Bond Litigation, 2005 WL 1594403 *27-28 (C.D. Cal. 2005) (median
17  amounts recovered in settlement of shareholder class actions were between 2% - 3%
18  of possible damages).

19      Defendant has pledged to pay Eligible Claims and the costs of settlement
20  administration from a Settlement Fund of $260,000.  Since national sales of
21  Defendant's flax milk Products to consumers were relatively low (estimated at a
22  total of only approximately 670,320-707,560 cartons), the parties anticipate this
23  Settlement Fund, while capped, should be sufficient to pay Eligible Claims.[3]  Stober
24  Decl., ¶¶ 6-7.

25      As in any class action, the Settlement is subject initially to preliminary
26  approval and then to final approval by the Court after notice to the Class and a

27  _____
28  [3]   The amount of each cash payment will depend on the number and amount of
    Eligible Claims submitted.  (Settlement, § IV.B(2).)

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

-3-

NOTICE OF MOTION AND MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

hearing.   The proposed Class for settlement purposes should be conditionally certified. Accordingly, the parties now jointly request this Court to enter an order in the form of the [Proposed] Order Preliminarily Approving Class Action Settlement, Conditionally Certifying the Settlement Class, Approving Class Notice and Scheduling Final Approval Hearing ("Preliminary Approval Order"), which was submitted concurrently with this Motion.   That [Proposed] Preliminary Approval Order, if entered, will:

    (1)    grant preliminary approval of the Settlement;

    (2)    conditionally certify the Class, appointing Plaintiff Garo Madenlian as the class representative ("Class Representative") and appointing Chant Yedalian of Chant & Company A Professional Law Corporation as class counsel ("Class Counsel") for the Settlement Class pursuant to Fed. R. Civ. P. 23(g);

    (3)    establish procedures for giving notice to Class members;

    (4)    approve forms of notice to Class members;

    (5)    mandate procedures and deadlines for exclusion requests, objections and requests to appear; and

    (6)    set a date, time and place for a final approval hearing.

Class certification for purposes of settlement is appropriate under Federal Rules of Civil Procedure 23(a) and (b)(3) for reasons discussed below.

The Settlement is fair, reasonable, and falls within the range of possible approval.   The Settlement Agreement was entered into only after a mediation session before the Honorable Jean Rosenbluth, Magistrate Judge, where the parties reached a tentative agreement. Yedalian Decl., ¶ 16; Goon Decl., ¶ 4.   That session was followed by subsequent negotiations to reach a final agreement.   Ibid.   The Settlement is the product of hard-fought, arm's-length negotiations between experienced attorneys familiar with the legal and factual issues of this case. Yedalian Decl., ¶ 14; Goon Decl., ¶ 4.   As discussed above, the Settlement provides

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  permanent injunctive relief, a substantial cash benefit for the Settlement Class and
2  the likelihood that a greater result could be achieved at trial is remote.  The Court
3  should enter the proposed order granting preliminary approval.

4  ## II.    PROCEDURAL BACKGROUND.

5       Plaintiff filed the original complaint in this Litigation on November 5, 2013.
6  (Dkt. #1.)  Defendant's motion to dismiss was denied on March 31, 2014.  (Dkt.
7  #19.)

8       The Parties attended a settlement conference with the Magistrate Judge on
9  June 20, 2014, at which time they reached an agreement as to certain settlement
10 terms, contingent upon further negotiations to resolve outstanding terms.  Yedalian
11 Decl., ¶ 15; Goon Decl., ¶ 3.  Prior to the settlement conference, they engaged in an
12 informal exchange of information, including sales and revenue data and information
13 about the Products' ingredients.  Yedalian Decl., ¶ 4; Goon Decl., ¶ 16.  They also
14 exchanged detailed mediation briefs describing their respective legal positions and
15 exchanged correspondence with demands/offers and counters.  Ibid.

16      Plaintiff filed the FAC on July 23, 2014.  (Dkt. #31.)  On July 31, 2014, the
17 Parties stipulated that the FAC will be the operative complaint for purposes of
18 settlement, only, and without Defendant waiving any rights to challenge or
19 otherwise respond to the FAC.  (Dkt. #32.)  On July 31, 2014, the Court entered an
20 order based on the Parties' stipulation staying all deadlines applicable to
21 Defendant's challenge(s) and/or response(s) to the FAC in recognition of the
22 pending settlement.  (Dkt. #33.)

23      On August 18, 2014, the parties filed their Stipulation of Settlement.  (Dkt.
24 #34.)  Plaintiff and Class Counsel are satisfied that the terms and conditions of this
25 Settlement are fair, reasonable and adequate, and that this Settlement is in the best
26 interest of the Settlement Class Members.  Yedalian Decl., ¶ 14.  Defendant, while
27 denying all allegations of wrongdoing and disclaiming all liability with respect to all
28 claims, considers it desirable to resolve the action on the terms stated herein in order

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

-5-
NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  to avoid further expense, inconvenience and burden and, therefore, has determined

2  that this Settlement on the terms set forth herein is in Defendant's best interests.

3  Goon Decl., ¶ 2.

4  **III.   THE STANDARD FOR PRELIMINARY APPROVAL OF CLASS**

5  **ACTION SETTLEMENTS.**

6        Approval of class action settlements involves a two-step process.  First, the

7  Court must make a preliminary determination whether the proposed settlement

8  appears to be fair and is 'within the range of possible approval.'"  In re Tableware

9  Antitrust Litig., 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); In re Syncor ERISA

10  Litig., 516 F.3d 1095, 1100 (9th Cir. 2008) (class action settlements must be

11  "fundamentally fair, reasonable, and adequate").  If so, notice can be sent to class

12  members and the Court can schedule a final approval hearing where a more in-depth

13  review of the settlement terms will take place.  See Manual for Complex Litigation

14  (Third) § 30.41 at 236-38 (1995) (hereinafter "Manual").   The purpose of a

15  preliminary approval hearing is to ascertain whether there is any reason to notify the

16  putative class members of the proposed settlement and to proceed with a fairness

17  hearing.  In re Tableware Antitrust Litig., 484 F. Supp. 2d at 1079.  Notice of a

18  settlement should be disseminated where "the proposed settlement appears to be the

19  product of serious, informed, non-collusive negotiations, has no obvious

20  deficiencies, does not improperly grant preferential treatment to class

21  representatives or segments of the class, and falls within the range of possible

22  approval."  Id. (quoting Schwartz v. Dallas Cowboys Football Club, Ltd., 157 F.

23  Supp. 2d 561 (E.D. Pa. 2001)).  Preliminary approval does not require an answer to

24  the ultimate question of whether the proposed settlement is fair and adequate, for

25  that determination occurs only after notice of the settlement has been given to the

26  members of the settlement class.

27        Nevertheless, a review of the standards applied in determining whether a

28  settlement should be given final approval is helpful to the determination of

Rutan & Tucker, LLP
attorneys at law

1   preliminary approval.   One such standard is the strong judicial policy of

2   encouraging compromises, particularly in class actions.   In re Syncor, 516 F.3d at

3   1101; Manual § 23.11 at 166:

> Beginning with the first [pretrial] conference, and from
> time to time throughout the litigation, the court should
> encourage the settlement process.   The judge should raise
> the issue of settlement at the first opportunity, inquiring
> whether any discussions have taken place or might be
> scheduled.   As the case progresses, and the judge and
> counsel become better informed, the judge should
> continue to urge the parties to consider and reconsider
> their positions on settlement in light of current and
> anticipated developments.

10      While the district court has discretion regarding the approval of a proposed

11  settlement, it should give "proper deference to the private consensual decision of the

12  parties."   Hanlon v. Chrysler Corp., 150 F.3d 1011, 1027 (9th Cir. 1998).   In fact,

13  when a settlement is negotiated at arm's-length by experienced counsel, there is a

14  presumption that it is fair and reasonable.   In re Pac. Enters. Sec. Litig., 47 F.3d 373,

15  378 (9th Cir. 1995) ("Parties represented by competent counsel are better positioned

16  than courts to produce a settlement that fairly reflects each party's expected outcome

17  in litigation.").   Ultimately, however, the court's role is to ensure that the settlement

18  is fundamentally fair, reasonable and adequate.   In re Syncor, 516 F.3d at 1100.

19      Beyond the public policy favoring settlements, the principal consideration in

20  evaluating the fairness and adequacy of a proposed settlement is the likelihood of

21  any class-wide recovery via litigation balanced against the benefits of settlement.

22  "Basic to this process in every instance, of course, is the need to compare the terms

23  of the compromise with the likely rewards of litigation."   Protective Comm. for

24  Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25

25  (1968).   That said, the court's intrusion upon what is otherwise a private, consensual

26  agreement negotiated between the parties to a lawsuit must be limited to the extent

27  necessary to reach a reasoned judgment that the agreement is not the product of

28  fraud or collusion, and that the settlement, taken as a whole, is reasonably fair to all

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

-7-
NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

concerned.  <u>Cotton v. Hinton</u>, 559 F.2d 1326, 1330 (5th Cir. 1977) ("[C]ompromise is the essence of a settlement.  [C]ompromise is a yielding of absolutes and an abandoning of highest hopes.  … [T]he trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.).

Factors to be considered by the court in evaluating a proposed settlement may include, among others, some or all of the following: the experience and views of counsel; the risks, complexity, expense and likely duration of continued litigation; the strengths of plaintiff's case and defendant's affirmative defenses; the amount offered in settlement; and the stage of proceedings.  <u>Laguna v. Coverall N. Am., Inc.</u>, 753 F.3d 918, 923 (9th Cir. 2014).  In evaluating preliminarily the adequacy of a proposed settlement, the proposed settlement enjoys a presumption of fairness because it is the product of extensive arm's length negotiations conducted by experienced and capable counsel who understand the strengths and weaknesses of their respective clients' positions.  <u>Linney v. Cellular Alaska P'ship</u>, No. C-96-3008 DLJ, 1997 U.S. Dist. LEXIS 24300, at *16 (N.D. Cal. July 18, 1997) ("the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery [has] taken place create[s] a presumption that the agreement is fair"), aff'd, 151 F.3d 1234 (9th Cir. 1998); <u>Ellis v. Naval Air Rework Facility</u>, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("there was extensive discovery prior to settlement, allowing both counsel and the Court to fully evaluate the strengths, weaknesses, and equities of the parties' positions"), <u>aff'd</u>, 661 F.2d 939 (9th Cir. 1981); <u>see also</u> <u>Boyd v. Bechtel Corp.</u>, 485 F. Supp. 610, 622-23 (N.D. Cal. 1979).

In sum, a compromise must be viewed in the circumstances in which it was achieved.  In the final analysis, that decision is committed to the sound discretion of the court.

## IV.   TERMS OF THE PROPOSED SETTLEMENT.

The proposed Class is defined as follows:
> All Persons in the United States who purchased any of the Products during the Settlement Class Period.  Excluded

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

from the Class are: (a) Defendant's employees, officers and directors; (b) Class Counsel and its employees, officers and directors; (c) Defendant's Counsel and its partners, employees, officers and directors; (d) Persons who purchased the Products for the intended or actual use of distribution, re-sale or donation; (e) Persons who timely and properly exclude themselves from the Class; and (d) the Court, the Court's immediate family, and Court staff.

(Settlement, § I.A(6).) The Settlement Class Period is defined as the period from November 5, 2009, up to and including the date of entry of the [Proposed] Order giving preliminary approval to the Settlement. (Id., § I.A(27).) This encompasses all, or virtually all, sales of flax milk, because the Products were only sold starting in 2011, and are presently out of production. Stober Decl., ¶ 2. The exclusions for Persons who purchased the products for distribution, re-sale or donation are consistent with the elements of the consumer protection statutes under which Plaintiff is suing. See n. 1.

## A.   Benefit To Settlement Class Members From The Settlement Fund.

Defendant has agreed to permanent injunctive relief. Defendant will not use the phrase "all natural" on packing for the Products printed in the future (if any). (Settlement, § IV.D.)

Additionally, the Settlement Agreement provides for monetary relief to the proposed Settlement Class. Defendant shall provide a Settlement Fund of $260,000 to pay Eligible Claims and Administrative Costs. (Settlement § IV.B.) The most significant administrative costs (i.e., establishment of the settlement website and publication via TopClassActions.com) are estimated not to exceed $10,000, leaving $250,000 for the payment of Eligible Claims[4] and the costs associated with

---

[4]   The Settlement defines the criteria for claim eligibility. In summary terms, Eligible Claims must truthfully and legibly provide all of the non-optional information requested in the Claim Form, be verified under penalty of perjury and be submitted or received prior to the Claim Deadline. (Settlement § IV.C, Ex. A [claim form].) The Class Action Settlement Administrator retains discretion to disqualify claims which bear the indicia of false claims, such as duplicative or false information, or the identification of a retailer that did not sell flax milk. Ibid. Again, this is a reasonable compromise which provides a straight-forward claims process for actual Settlement Class Members while minimizing the risk of

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

NOTICE OF MOTION AND MOTION
FOR PRELIIINARY APPROVAL OF CLASS ACTION SETTLEMENT

1   processing such claims (such as postage, handling and responding to inquiries).

2   (Settlement, Ex. C [TopClassActions.com cost estimate], Ex. D [class action

3   settlement administrator cost estimate].)

4        The Parties do not know how many Settlement Class Members will be

5   interested in submitting a claim.  While Plaintiff contends that all purchasers were

6   injured, Defendant disputes that contention.  Defendant asserts that many flax milk

7   purchasers were satisfied with their purchase, and either did not care about or were

8   not misled by the challenged "All Natural Dairy Free Beverage*/*Added Vitamins

9   & Minerals" statements.  Given these disputes and uncertainties, the amount of the

10  Settlement Fund is a fair and reasonable compromise.

11       The settlement establishes a higher per-carton award to claimants who choose

12  to identify the name and location of their retailer (facts which can be checked

13  against records identifying the actual retailers of flax milk).  This optional, extra

14  requirement to qualify for a higher award is meant to serve as a check on false

15  claims, since claimants are not required to present a receipt, as they must in many

16  other class action settlements involving grocery items or products.  Again, this

17  approach is a fair and reasonable compromise.

18       If after payment of Administrative Costs, the amount used to pay Eligible

19  Claims is less than the amount designated as the Settlement Fund, then the Eligible

20  Claims will be paid in full and Defendant will retain the unused money from the

21  Settlement Fund.  In contrast, if the amount required to pay Eligible Claims exceeds

22  the funds available after payment of Administrative Costs, then each claimant's

23  recovery will be reduced on a *pro rata* basis.  (Settlement § IV.B.)  This approach is

24  fair and reasonable given the significant dispute over the existence of any class-wide

25  injury, the uncertainty inherent in the claims process, the liberality of the claims

26  process in this case (*i.e.*, no proof of purchase is required, beyond a sworn

27  statement), the relatively small number of national sales of these Products and the

28  Defendant paying cash benefits in response to false claims.

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

value to Defendant of some measure of certainty concerning the Settlement's risks and benefits.

**B.    Release And Discharge Of Claims.**

The Settlement Agreement provides for the release of all claims or causes of action arising out of the facts asserted in the FAC, and specifically, all claims arising out of "all natural" advertising.  (Settlement, §§ I.A(24), VII.)   The release will finally resolve Plaintiff's and all Settlement Class Members' claims once the Settlement becomes effective as defined in the Settlement Agreement.  (Id., § IX.)

**C.    Payment Of Attorneys' Fees And Costs and Incentive Award.**

Under the Settlement, Class Counsel may apply to the Court for an award of reasonable costs and attorneys' fees, in an amount not to exceed $70,000. Defendant will not oppose Class Counsel receiving an award of attorneys' fees and costs of up to $70,000.  Such payment will be paid separately by Defendant and will not come from the Settlement Fund.  (Id., § VIII.A.)   The attorneys' fees were negotiated separately, and after the Parties had already reached agreement on the benefits to Settlement Class Members.  Yedalian Decl., ¶ 15.  Class Counsel will post its fee motion on the Settlement Website at least thirty (30) days in advance of the final approval hearing, allowing adequate opportunity for Settlement Class Members to comment or object.  (Settlement, § VI.C(2).)

Similarly, Class Counsel may apply to the Court for an Incentive Award payable to the Class Representative in an amount not to exceed $5,000.  Defendant will not oppose the Class Representative receiving an Incentive Award of up to $5,000.  The Incentive Award will be paid separately by Defendant and will not come from the Settlement Fund.   (Id., § VIII.B.)   The Incentive Award was negotiated separately, and after the Parties had already reached agreement on the benefits to Settlement Class Members.  Yedalian Decl., ¶ 17. The Incentive Award is appropriate to compensate Plaintiff Madenlian, an attorney himself, for time spent assisting Class Counsel in the prosecution of the action and attending the settlement

**Rutan & Tucker, LLP**
*attorneys at law*

528/031580-0001
7272642.3 a08/22/14

NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  conference. Id., ¶ 17.

2  **V.     THIS   COURT   SHOULD   PRELIMINARILY   APPROVE   THE**

3  **SETTLEMENT,   PROVISIONALLY   CERTIFY   THE   CLASS   AND**

4  **ENTER THE PRELIMINARY APPROVAL ORDER.**

5  **A.     The Settlement Should Be Preliminarily Approved Because It**

6  **Satisfies Accepted Criteria.**

7  It is well established that the law favors the compromise and settlement of

8  class action suits: "'[S]trong judicial policy favors settlements ….'" Churchill

9  Vill., L.L.C. v. GE, 361 F.3d 566, 576 (9th Cir. 2004). This is particularly true

10  where "class action litigation is concerned." Class Plaintiffs v. City of Seattle, 955

11  F.2d 1268, 1276 (9th Cir. 1992).

12  The approval of a proposed settlement of a class action is a matter of

13  discretion for the trial court. In re Veritas Software Corp. Sec. Litig., 496 F.3d 962,

14  972 (9th Cir. 2007) ("[T]he district court has substantial discretion in approving the

15  details of a class action settlement"). Courts, however, must give "proper deference

16  to the private consensual decision of the parties." Hanlon, 150 F.3d at 1027; accord.

17  Fed. R. Civ. P. 23(e)(2) (settlement must be "fair, reasonable, and adequate").

18  To grant preliminary approval of this class action Settlement, the Court need

19  only find that the Settlement falls within the range of possible approval. See, e.g.,

20  Livingston v. Toyota Motor Sales USA, Inc., No. C-94-1377-MHP, 1995 U.S. Dist.

21  LEXIS 21757, at *24 (N.D. Cal. June 1, 1995) ("The proposed settlement must fall

22  within the range of possible approval."). The Manual for Complex Litigation

23  (Fourth) § 21.632 at 320 (2004) characterizes the preliminary approval stage as an

24  "initial evaluation" of the fairness of the proposed settlement made by the court on

25  the basis of written submissions and informal presentation from the settling parties.

26  Here, as discussed above, the Settlement should be preliminarily approved

27  because it clearly falls "within the range of possible approval." It is non-collusive,

28  fair, and reasonable. It was achieved relatively early in the litigation, making a

-12-

1   wider range of compromise resolutions appropriate.  By providing for a substantial

2   cash benefit and injunctive relief, the likelihood that a greater result could be

3   achieved at trial is remote.  Yedalian Decl., ¶ 14.

4         At the same time, the Settlement eliminates the substantial risk and delay of

5   litigation.  Although Plaintiff believes his claims have merit, he and Class Counsel

6   recognize that they face significant legal, factual, and procedural uncertainties to

7   recovery.  Id., ¶ 14.  Defendant continues to vigorously deny any wrongdoing and

8   denies any liability to the Plaintiffs or any members of the Class.  Defendant

9   disputed Plaintiff's ability to certify a national class, and further disputed Plaintiff's

10  claims on the merits.  Goon Decl., ¶ 2.

11        Plaintiff and Class Counsel have confidence in the claims, but recognize that

12  there are substantial risks.  For example, in Werdebaugh v. Blue Diamond Growers,

13  after a contested certification motion which sought certification of a nationwide

14  class, the court certified a California-only class for almond milk products

15  challenging "all natural" representations based upon the inclusion of the ingredient

16  potassium citrate.  Werdebaugh, No. 12-CV-2724-LHK, 2014 U.S. Dist. LEXIS

17  71575, at *95 (N.D. Cal. May 23, 2014).  As other cases demonstrate, a favorable

18  outcome is not assured.  See, e.g., In re POM Wonderful LLC Mktg. and Sales

19  Practices Litig., No. 10-02199, 2014 U.S. Dist. LEXIS 40415, at *25 (C.D. Cal.

20  Mar. 25, 2014) (decertifying nationwide class); Sethavanish v. ZonePerfect

21  Nutrition Co., No. 12-2907, 2014 U.S. Dist. LEXIS 18600, at *13-18 (N.D. Cal.

22  Feb. 13, 2014) (denying class certification, finding lack of ascertainability); Astiana

23  v. Ben & Jerry's Homemade, Inc., No. C 10-4387, 2014 U.S. Dist. LEXIS 1640, at

24  *8-11, *28-41 (N.D. Cal. Jan. 7, 2014) (denying class certification for lack of

25  ascertainability and predominance); Lanovaz v. Twinings N. Am., Inc., No. C-12-

26  02646-RMW, 2014 U.S. Dist. LEXIS 57535, at *24 (N.D. Cal. Apr. 24, 2014)

27  (denying 23(b)(3) class certification for lack of common evidence that all tea

28  purchasers suffered injury); Jones v. Conagra Foods, Inc., No. C 12-01633 CRB,

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

-13-

NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    2014 U.S. Dist. LEXIS 81292, at *3 (N.D. Cal. June 13, 2014) (denying motions to

2    certify three classes of purchasers of Hunt's tomato products, PAM cooking spray,

3    and Swiss Miss hot cocoa in litigation challenging "100% natural" claims).

4        Even if judgment were entered against Defendant, any appeal in the Ninth

5    Circuit would likely take years to resolve.   By settling now, Plaintiff and the

6    Settlement Class avoid these risks and delays.    The Settlement will provide

7    Settlement Class Members with monetary benefits that are immediate, certain and

8    substantial, in contrast to the litigation process.

9        In light of the relief obtained, the magnitude and risks of the litigation and the

10   legal standards set forth above, the Court should allow notice of the settlement to be

11   sent to the Settlement Class so that Class members can express their views on it.

12   The Court should conclude that the Settlement's terms are "within the range of

13   possible approval." Toyota, 1995 U.S. Dist. LEXIS 21757, at *24.

14       **B.    The Proposed Settlement Class Should Be Certified.**

15       For settlement purposes only, the parties and their counsel request that the

16   Court provisionally certify the Settlement Class.   The Ninth Circuit has recognized

17   that certifying a settlement class to resolve consumer lawsuits is a common

18   occurrence. Hanlon, 150 F.3d at 1019.  When presented with a proposed settlement,

19   a court must first determine whether the proposed settlement class satisfies the

20   requirements for class certification under Rule 23 (excepting "manageability,"

21   which is not a requirement since the settled claims will not be tried).   Amchem

22   Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997) ("Confronted with a request for

23   settlement-only class certification, a district court need not inquire whether the case,

24   if tried, would present intractable management problems … for the proposal is that

25   there be no trial.").    For the reasons below, this Settlement Class meets the

26   requirements of Rule 23(a) and (b).

27

28

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

-14-

NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

1          **1.      The Settlement Class Satisfies Rule 23(a).**

2                        a.      <u>Numerosity.</u>

3          Rule 23(a)(1) requires that "the class is so numerous that joinder of all

4    members is impracticable." Fed. R. Civ. P. 23(a)(1).  "As a general matter, courts

5    have found that numerosity is satisfied when class size exceeds 40 members, but not

6    satisfied when membership dips below 21." <u>Slaven v. BP Am., Inc.</u>, 190 F.R.D.

7    649, 654 (C.D. Cal. 2000).  Here, the size of the proposed Settlement Class (defined

8    as all U.S. consumer purchasers of the Products) is estimated at between 670,320-

9    707,560 (without taking into account repeat customers), a number that obviously

10   satisfies Rule 23's numerosity requirement.  Stober Decl., ¶ 6.

11                       b.      <u>Commonality.</u>

12         Rule 23(a)(2) requires the existence of "questions of law or fact common to

13   the class." Fed. R. Civ. P. 23(a)(2).  Commonality is established if plaintiff and

14   class members' claims "depend upon a common contention," "capable of class-wide

15   resolution … mean[ing] that determination of its truth or falsity will resolve an issue

16   that is central to the validity of each one of the claims in one stroke." <u>Wal-Mart</u>

17   <u>Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541, 2551 (2011).

18         Here, all of the Settlement Class Members' claims arise from a common

19   nucleus of facts.  The Plaintiff alleges that Defendant misled consumers by labeling

20   the Products "All Natural Dairy Free Beverage*" when those products contained

21   allegedly non-natural synthetic and artificial ingredients.  The challenged statements

22   were on all of the cartons.  FAC, ¶¶ 16-24.  Here, by definition, all of the Settlement

23   Class Members purchased one or more of the Products, so they were exposed to the

24   statements on the carton, either in stores or by seeing pictures of the cartons online.

25   The Challenged Ingredients are common to the Products.  Commonality is satisfied

26   here, for settlement purposes, by the existence of these common factual issues.

27   <u>Werdebaugh</u>, 2014 U.S. Dist. LEXIS 71575, at *96 (certifying California-only

28   litigation class of almond milk products labeled as "all natural" based upon the

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

NOTICE OF MOTION AND MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  ingredient potassium citrate).

2          c.    <u>Typicality.</u>

3       Rule 23(a)(3) requires that the claims of the representative plaintiff be

4  "typical of the claims … of the class." Fed. R. Civ. P. 23(a)(3). "Under the rule's

5  permissive standards, representative claims are 'typical' if they are reasonably co-

6  extensive with those of absent class members; they need not be substantially

7  identical." <u>Hanlon</u>, 150 F.3d at 1020. In short, to meet the typicality requirement,

8  the representative plaintiff simply must demonstrate that the members of the

9  settlement class have the same or similar grievances. <u>Gen. Tel. Co. of the Sw. v.</u>

10  <u>Falcon</u>, 457 U.S. 147, 161 (1982).

11       In the instant action, Plaintiff's claims are typical of those of the Settlement

12  Class. Like members of the Settlement Class, Plaintiff's claims arise out of the

13  allegations that Defendant misled consumers by labeling the Products "All Natural

14  Dairy Free Beverage*" when those products contain the Challenge Ingredients,

15  alleged to be synthetic and/or artificial ingredients. Plaintiff and members of the

16  Class purchased one or more of the Products. Plaintiff alleges that all purchasers

17  suffered a common injury, entitling them all to a complete refund for buying a

18  "misbranded" beverage, or alternatively a refund of the "premium" they paid to

19  purchase a beverage falsely labeled as "all natural." FAC, ¶¶ 34-35, Prayer for

20  Relief. Thus, the alleged injury to Plaintiff and all Class members is the same, and

21  that injury arises from the Defendant's common course of conduct (*i.e.*, the labeling

22  of flax milk cartons). Therefore, Plaintiff satisfies the typicality requirement.

23          d.    <u>Adequacy.</u>

24       The final requirement of Rule 23(a) is set forth in subsection (a)(4) which

25  requires that the representative parties "fairly and adequately protect the interests of

26  the class." Fed. R. Civ. P. 23(a)(4). A plaintiff will adequately represent the class

27  where: (1) plaintiffs and their counsel do not have conflicts of interests with other

28  class members; and (2) where plaintiffs and their counsel prosecute the action

Rutan & Tucker, LLP
*attorneys at law*

528/031580-0001
7272642.3 a08/22/14

-16-

NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  vigorously on behalf of the class.  Staton v. Boeing Co., 327 F.3d 938, 957 (9th Cir.

2  2003).

3  Class Counsel vigorously and competently pursued the Settlement Class

4  Members' claims.  The arm's-length settlement negotiations that took place

5  demonstrate that Class Counsel adequately represents the Settlement Class.

6  Yedalian Decl., ¶¶ 14-17.  Moreover, Plaintiff and Class Counsel have no conflicts

7  of interests with the Settlement Class.  Rather, Plaintiff, like each absent Settlement

8  Class Member, has an interest in proving the unlawfulness of Defendant's conduct

9  and obtaining redress.  Class Counsel is experienced in class action and consumer

10  protection litigation.  Yedalian Decl., ¶¶ 9-12.  Plaintiff Madenlian is an attorney

11  (and a former Deputy District Attorney for the County of San Bernardino) who was

12  able to understand the issues in this litigation and meaningfully participate in

13  negotiating the Settlement.  Id., ¶ 17.

14  **2.  The Settlement Class Satisfies Rule 23(b)(3).**

15  In addition to meeting the prerequisites of Rule 23(a), Plaintiff must also meet

16  one of the three requirements of Rule 23(b) to certify the proposed class.  Zinser v.

17  Accufix Research Inst., Inc., 253 F.3d 1180, 1187 (9th Cir. 2001) (amended at 273

18  F.3d 1266).  Under Rule 23(b)(3), a class action may be maintained if the court finds

19  that the questions of law or fact common to the members of the class predominate

20  over any questions affecting only individual members, and that a class action is

21  superior to other available methods for fairly and efficiently adjudicating the

22  controversy.  Fed. R. Civ. P. 23(b)(3).  Certification under Rule 23(b)(3) is

23  appropriate and encouraged "whenever the actual interests of the parties can be

24  served best by settling their differences in a single action."  Hanlon, 150 F.3d at

25  1022.

26  a.  Common Questions Of Law And Fact Predominate.

27  Predominance exists "[w]hen common questions present a significant aspect

28  of the case and they can be resolved for all members of the class in a single

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

NOTICE OF MOTION AND MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1   adjudication." <u>Ibid</u>.   As the United States Supreme Court has explained, when
2   addressing the propriety of Settlement Class certification, courts take into account
3   the fact that a trial will be unnecessary and that manageability, therefore, is not an
4   issue. <u>Amchem</u>, 521 U.S. at 620.

5        In this case, common questions of law and fact exist and predominate over
6   any individual questions, including, *inter alia*: (1) whether the statement "All
7   Natural Dairy Free Beverage*" is likely to deceive reasonable consumers,
8   (2) whether the statement "All Natural Dairy Free Beverage*" read in combination
9   with "*Added Vitamins & Minerals" is likely to deceive reasonable consumers,
10  (3) whether the statement "All Natural Dairy Free Beverage*" read in combination
11  with "*Added Vitamins & Minerals" would be understood by reasonable consumers
12  as a presentation that the added vitamins and minerals were "natural," (4) the
13  meaning(s) that reasonable consumers attribute to the terms "natural" and "all
14  natural," (5) whether the Products, either with or without the added vitamins, are
15  "all natural" according to such meaning(s), and (6) whether each of the Challenged
16  Ingredients is "natural" according to such meaning(s).   The issue of damages
17  presents another common issue of whether experts can demonstrate, or refute,
18  through common evidence that all consumers paid a "premium" for the Products
19  because of the "All Natural Dairy Free Beverage*" representation.   Finally, because
20  Plaintiff also sued for punitive damages (which requires fraud, oppression or
21  malice), Defendant's knowledge and "state of mind" in labeling the Products
22  presents yet another relevant, common issue.

23       Any concern by the Court that there may be insufficient evidence of
24  materiality as to the "All Natural Dairy Free Beverage*" representation or the
25  Challenged Ingredients (see <u>Astiana</u>, 291 F.R.D. at 508-09) should not defeat a
26  finding of predominance for purposes of certifying the Settlement Class.   Such an
27  inquiry, focused on the manageability of presenting proof at trial concerning the
28  purchasing decisions of each consumer, is "unwarranted in the settlement context

Rutan & Tucker, LLP
*attorneys at law*

528/031580-0001
7272642.3 a08/22/14

NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

since a district court need not 'envision the form that a trial' would take, nor consider 'the available evidence and the method or methods by which plaintiffs propose to use the evidence to prove' the disputed element at trial." <u>Sullivan v. DB Invs., Inc.</u>, 667 F.3d at 306 (3rd Cir. 2011) (citations omitted); <u>see also id.</u> at 302-03 (finding concerns regarding predominance inquiry "marginalized" and noting "the concern for manageability that is a central tenet in the certification of a litigation class is removed from the equation" given the settlement posture of the case).  For these reasons, the answers to the common questions raised by the Products' common label should be considered the primary focus of this class action and thus predominate over individual issues.

b.   <u>A Class Action Is The Superior Mechanism For Adjudicating This Dispute.</u>

The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Settlement Class Members.  Individual Settlement Class Member dissatisfied with their purchase of flax milk may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability, if any. Since Settlement Class Members patronized different retailers, there is no common program to provide refunds or replacements that could be offered on a retail level. Individualized litigation also presents the potential for inconsistent or contradictory judgments.

Moreover, since this action will now settle, the Court need not consider issues of manageability relating to trial.  <u>Amchem</u>, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, <u>see</u> Fed. R. Civ. P. 23(b)(3)(D), for the proposal is that there be no trial.").  Accordingly, common questions predominate for purposes of the proposed Settlement Class and a class-based settlement is the superior method of resolving this controversy.

Rutan & Tucker, LLP
*attorneys at law*

-19-

528/031580-0001
7272642.3 a08/22/14

NOTICE OF MOTION AND MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**C.** **The Proposed Notice Program Constitutes Adequate Notice And Should Be Approved.**

Once preliminary approval of a class action settlement is granted, notice must be directed to class members. For class actions certified under Rule 23(b)(3), including settlement classes like this one, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In addition, Rule 23(e)(1) applies to any class settlement and requires the Court to "direct notice in a reasonable manner to all class members who would be bound by a proposal." Fed. R. Civ. P. 23(e)(1).

The proposed Class Notice form, attached as Exhibit A to the Settlement Agreement, satisfies the above criteria. The notice accurately informs Settlement Class Members of the salient terms of the Settlement Agreement, the Settlement Class to be certified, the final approval hearing and the rights of all parties, including the right to file objections or to opt out of the Settlement Class. The language of the Class Notice and accompanying Claim Form (Settlement, Ex. A) form is plain and easy to understand, providing neutral and objective information about the nature of the Settlement.

Individual Settlement Class Members cannot be identified through reasonable efforts due to the nature of the consumer product at issue. The product was sold to distributors and then sold to consumers through grocery retailers who are not parties to this action. Stober Decl., ¶¶ 2, 5. The Products is now out of production, and Defendant does not have records that would allow it to identify purchasers nationwide, let alone to perform such identification through reasonable, versus costly and extraordinary, efforts. Ibid. Therefore, the parties have agreed that Class Notice shall be provided via publication in two ways. Shurland v. Bacci Café & Pizzeria on Ogden, Inc., 271 F.R.D. 139, 145 (N.D. Ill. 2010) ("In instances where the names and addresses of class members are not easily ascertainable, notice by

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14
NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

1   publication alone continues to find support in more recent case law.")

2       First, the class notice shall be published on a settlement website found at

3   www.FlaxMilkSettlement.com. (Settlement, Ex. A [claim form].)  As a result of the

4   settlement website's URL name including the phrase "flax milk," persons searching

5   the phrase "flax milk" with online search engines such as Google should "hit" on the

6   settlement   website.     Second,   the   Class   Notice   will   be   published   on

7   TopClassActions.com.     (Settlement,   Ex.   C   [TopClassActions.com   publication

8   plan].)   The TopClassActions.com website has been approved as a means of

9   providing class notice in other national, consumer class actions.  Goon Decl., ¶ 6;

10  Ex. 2 (print out of settlements currently published on TopClassActions.com); see

11  also Declaration of J. Scott Hardy, President of Top Class Actions, LLC (describing

12  website's subscriber numbers, viewership and connections with and feeds to various

13  other websites and publications; and also explaining that class action notices of

14  cases published on Top Class Actions "are typically listed at the top of search results

15  on Google and other search engines whenever anyone conducts a search relevant to

16  a class notice that Top Class Actions publicizes.").

17      In addition to online publication, people who learn about the Settlement

18  online may pass information on to friends and family who are prospective Class

19  members, at which point they can request a copy of the Class Notice from the

20  Settlement Class Administrator by mail, fax or telephone without relying on the

21  Internet.  (Settlement, § I.A(4).)

22      The reasonableness of the Parties' publication plan is supported by the

23  national character of the Settlement Class – there is no single publication market,

24  other than the Internet, that could be used to communicate effectively with all Class

25  members.  Even if there were, publication via publications such as newspapers or

26  magazines would be far more expensive, particularly when considered in light of the

27  relatively small overall number of Products sold, the disputed value of case and the

28  value of the Settlement Fund.  A publication plan that costs roughly 4% of the

Rutan & Tucker, LLP
attorneys at law

528/031580-0001
7272642.3 a08/22/14

NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  Settlement Fund is a substantial and appropriate allocation of the limited dollars
2  available to fund the settlement.

3      In sum, the proposed publication notice provides a fair opportunity for
4  members of the Settlement Class to obtain full disclosure of the conditions of the
5  Settlement Agreement and to make an informed decision regarding the proposed
6  Settlement.  Thus, the Class Notice and the procedures embodied in the Settlement
7  amply satisfy the requirements of Rule 23 and Due Process.

8  **VI.    CONCLUSION.**

9      Based on the foregoing, the Parties jointly, respectfully request that the Court
10 grant preliminary approval of the Settlement Agreement, provisionally certify the
11 Settlement Class, approve the proposed notice plan and enter the [Proposed]
12 Preliminary Approval Order filed concurrently herewith.

13

14 Dated:  August 22, 2014          Rutan & Tucker, LLP

15
                                   By:      */s/ Steven J. Goon*
16                                     Steven J. Goon
17                                     Attorneys for Defendant
                                       Flax USA, Inc.
18 Dated:  August 22, 2014          Chant & Company
                                   A Professional Law Corporation
19

20                                 By:      */s/ Chant Yedalian*
                                       Chant Yedalian
21                                     Attorneys for Plaintiff
                                       Garo Madenlian
22

23

24

25

26

27

28

**Rutan & Tucker, LLP**
*attorneys at law*

528/031580-0001
7272642.3 a08/22/14

-22-

NOTICE OF MOTION AND MOTION
FOR PRELIMIINARY APPROVAL OF CLASS ACTION SETTLEMENT