UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-01748 JVS (JPRx) | Date | September 22, 2014 |
| Title | Garo Madenlian v. Flax USA Inc., et al. | | |

Present: The Honorable   James V. Selna

| Karla Tunis | Deborah Parker |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Chant Yedalian | Karen Walter / Steven Goon |

**Proceedings:** **Plaintiff's Motion for Preliminary Approval of Class Action Settlement (Fld 8-22-14)**

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. The Court and counsel confer. The Court GRANTS the plaintiff's motion and rules in accordance with the tentative ruling as follows with the modifications as discussed on the record.**

Plaintiff Garo Madenlian ("Madenlian") and Defendant Flax USA, Inc. ("Flax USA") jointly move this Court for preliminary class certification and preliminary approval of a proposed class action settlement (the "Settlement" or "Settlement Agreement"). (Mot., Docket No. 35.) For the following reasons, the Court **GRANTS** the motion for preliminary class certification and preliminary approval of the Settlement.

I.   **Background**

This is a putative class action arising out of the allegedly deceptive packaging and labeling of Flax USA's flax milk beverage products (the "Products"). (See generally FAC, Docket No. 31.) More specifically, the Products at issue in this case are 32-oz cartons of aseptic flax milk, which was sold in the three flavors of unsweetened, original, and vanilla. (Id. ¶¶ 36-37; Stober Decl. ¶¶ 2-4.) The Products contain the following ingredients: Tricalcium Phosphate, Xantan Gum, Vitamin A Palmitate, Vitamin $D_2$, and Vitamin $B_{12}$ (the "Challenged Ingredients"). (FAC ¶ 16.)  Flax USA started selling the Products in 2011. (Stober Decl. ¶ 2.) They are no longer in production. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-01748 JVS (JPRx)  Date  September 22, 2014

Title  Garo Madenlian v. Flax USA Inc., et al.

Madenlian alleges that he and the class members purchased one or more cartons of the Products in reliance upon the following statement printed on the Products' labeling: "All Natural Dairy Free Beverage." (FAC ¶¶ 4, 17-24.) Madenlian alleges that the use of the phrase "All Natural" on the labeling is false, deceptive, and misleading because the Products contain the allegedly artificial or synthetic Challenged Ingredients.[1] (Id. ¶ 19.) Madenlian further contends that "a claim that a product is 'all natural' is material to a reasonable consumer" and that "a reasonable consumer would expect that a product labeled as 'All Natural' does not contain any artificial, synthetic or extensively processed ingredients." (Id. ¶¶ 22-23.)

Madenlian brought this class action on behalf of himself and all persons who, "within four years from the date of filing of this action, purchased any of the Flax USA Products which was labeled 'All Natural' but contains artificial or synthetic ingredients." (Id. ¶ 43.) The FAC asserts claims under (1) California Business and Professions Code § 17200, et seq., (2) California Business and Professions Code § 17500, et seq., and (3) California Civil Code § 1750, et seq. (Id. ¶¶ 54-113.)

The Settlement Agreement was reached following a settlement conference with Magistrate Judge Rosenbluth on June 20, 2014. (Goon Decl. ¶ 3; Yadenlian Decl. ¶ 15.) Prior to the mediation session, Madenlian and Flax USA engaged in the informal exchange of certain information, including sales and revenue data as well as information about the Products' ingredients. (Goon Decl. ¶ 4; Yadenlian Decl. ¶ 16.) In addition, the parties exchanged detailed mediation briefs describing their differing legal positions. (Id.) Following the mediation session, the parties participated in additional negotiations regarding attorneys' fees and a class representative incentive award. (Goon ¶ 3; Yadenlian Decl. ¶ 15.)

The proposed Settlement Agreement and its exhibits were filed with this Court on August 18, 2014. (Docket No. 34.) The parties now seek preliminary approval of the proposed Settlement.

## II. Legal Standard

### A. Rule 23 Class Certification

---

[1] Flax USA maintains that its labeling is not deceptive, especially when read in connection with the "Added Vitamins & Minerals" disclaimer on the packaging. (Mot. 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-01748 JVS (JPRx) | Date | September 22, 2014 |
| Title | Garo Madenlian v. Flax USA Inc., et al. | | |

All class actions in federal court must meet the following four prerequisites for class certification:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

If the prerequisites of Rule 23(a) are satisfied, an action may be maintained as a class action if common questions of law and fact predominate over questions affecting individual members and a class action is superior to other means to adjudicate the controversy. Fed. R. Civ. P. 23(b)(3).

When considering class certification for settlement purposes only, the Court "need not inquire whether the case, if tried, would present intractable management problems" under Rule 23(b)(3)(D). Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997). However, the settlement context "demand[s] undiluted, even heightened, attention" to "unwarranted or overbroad class definitions." Id.

### B. Preliminary Approval of Class Action Settlement

"The court must approve any settlement . . . of the claims . . . of a certified class." Fed. R. Civ. P. 23(e)(1)(A). Such approval may be granted "only after a hearing and on finding that the settlement . . . is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C); see Officers for Justice v. Civil Serv. Comm'n, 688 F.2d 615, 625 (9th Cir. 1982). The settlement as a whole, rather than the component parts, is the proper level of inquiry. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). The proposed settlement "must stand or fall in its entirety;" the Court may not "delete, modify, or substitute certain provisions." Id. (internal quotation marks omitted). In assessing the settlement proposal, the Court must consider several factors:

> the strength of the defendant's case; the risk, expense,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-01748 JVS (JPRx)          Date  September 22, 2014

Title  Garo Madenlian v. Flax USA Inc., et al.

            complexity, and likely duration of further litigation; the risk
            of maintaining class action status throughout the trial; the
            amount offered in settlement; the extent of discovery
            completed and the stage of the proceedings; the experience
            and views of counsel; the presence of a governmental
            participant; and the reaction of the class members to the
            proposed settlement.

Id.; Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003).

     Preliminary approval of a class action settlement is necessary in order to ensure that the settlement is consistent with the plaintiff's fiduciary obligations to the class. The Court, as guardian of the class, must independently determine the fairness of any settlement. Fed. R. Civ. Pro. 23(e)(1); Ficalora v. Lockheed Cal. Co., F.2d 995, 996 (9th Cir. 1985). The Court determines whether the proposed settlement seems fair on its face and is worth submitting to the class members. See In re Corrugated Container Antitrust Litig., 643 F.2d 195, 212 (7th Cir. 1981).

     The private consensual decision of the parties is entitled to deference. Hanlon, 1027 F.3d at 1027. The Court's role "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." Officers for Justice, 688 F.2d at 626.

### III.   Preliminary Class Certification

     The parties seek to certify the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

     All Persons in the United States who purchased any of the Products during the Settlement Class Period. Excluded from the Class are: (a) Defendants's employees, officers and directors; (b) Class Counsel and its employees, officers and directors; (c) Defendant's Counsel and its partners, employees, officers and directors; (d) Persons who purchased the Products for the intended or actual use of distribution, re-sale or donation; (e) Persons who timely and properly exclude themselves from the Class; and (d) the Court, the Court's immediate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-01748 JVS (JPRx)                               Date   September 22, 2014

Title   Garo Madenlian v. Flax USA Inc., et al.

family, and Court staff.

(Settlement, § I.A(6).) The Settlement Class Period is defined as "the period from November 5, 2009, up to and including the date of entry of the Preliminary Approval Order." (Id., § I.A(27).)

### A. Rule 23(a) Prerequisites

#### 1. Numerosity

Rule 23(a)(1) requires that "the class [be] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The numerosity requirement demands examination of the specific facts of each case and imposes no absolute limitations. General Tel. Co. of the Northwest, Inc. v. EEOC, 446 U.S. 318, 330 (1980). Nevertheless, plaintiffs must show some evidence of or reasonably estimate the number of class members. Schwartz v. Upper Deck Co., 183 F.R.D. 672, 681 (S.D. Cal. 1999).

Here, the exact size of the proposed class is unknown. However, it is estimated that between 670,320 to 707,560 products were sold during the Class Period. (Stober Decl. ¶ 6.) Therefore, even taking into account repeat customers, the Court finds that the joinder of these putative class members would clearly be impracticable. Accordingly, the numerosity requirement is satisfied.

#### 2. Commonality

Rule 23(a)(2) requires that questions of law or fact be common to the class. "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Hanlon, 150 F.3d at 1026. A common question "must be of such a nature that it is capable of classwide resolution—which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011).

In this case, there are common questions of fact because all potential class members purchased Products during the Settlement Class Period. (Mot. 15.) Therefore, the common issue of whether the "All Natural" labeling on the Products is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-01748 JVS (JPRx)                    Date   September 22, 2014

Title   Garo Madenlian v. Flax USA Inc., et al.

deceiving in light of the presence of the Challenged Ingredients is an issue common to all of the class members' claims against Flax USA. (Id.) Accordingly, the Court find the proposed class members share sufficient factual and legal commonalities to satisfy Rule 23(a)(2).

### 3. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Under the "permissive standards" of this Rule, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanlon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (quoting Schwartz v. Harp, 108 F.R.D. 279, 282 (C.D. Cal. 1985)).

Here, the claims of Madenlian are the same as the other class members. Like the other class members, Madenlian purchased one or more of the Products. (Mot. 16.) In addition, all claims arise out of allegations that the labeling on the Products is misleading because of their allegedly synthetic or artificial Challenged Ingredients. (Id.) Madenlian's claims all arise from the same course of conduct as the class claims and are based on the same legal theories. Accordingly, the typicality requirement of Rule 23(a)(3) is satisfied.

### 4. Fair and Adequate Representation

Rule 23(a)(4) requires that the representative party "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requirement is grounded in constitutional due process concerns: 'absent class members must be afforded adequate representation before entry of a judgment which binds them.'" Evans v. IAC/Interactive Corp., 244 F.R.D. 568, 578 (C.D. Cal. 2007) (quoting Hanlon, 150 F.3d at 1020). Representation is adequate if (1) the named plaintiffs and their counsel are able to prosecute the action vigorously and (2) the named plaintiffs do not have conflicting interests with the unnamed class members. Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978). The named plaintiffs and their counsel must have "the zeal and competence" necessary to prosecute the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-01748 JVS (JPRx)   Date  September 22, 2014

Title  Garo Madenlian v. Flax USA Inc., et al.

Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975).

 First, class counsel must be experienced, competent, and able to pursue the claim with "vigor." See Hanlon, 150 F.3d at 1021. In the context of a settlement-only class, the Court also examines the "rationale for not pursing further litigation." Id. Madenlian is represented by Chant Yedalian of Chant & Company A Professional Law Corporation. Counsel is experienced in class action and consumer protection litigation. (Yedalian Decl. ¶¶ 9-12.) The Settlement follows considerable informal discovery, in-depth analysis of the legal issues, and arms-length settlement negotiations. (Id. ¶¶ 14-17.) The Court has no reason to doubt the vigor with which the class representatives or class counsel have prosecuted the action nor the reasons for settling at this stage.

 Rule 23(a)(4) also requires that the class representative fairly protects the interests of the class. In particular, the Court should examine whether class members "have claims of different strength." Hanlon, 150 F.3d at 1020. Proposed class representatives have a conflict of interest with the absent putative class members if they do not have standing to or refuse to assert certain claims that may be available and advantageous to the absent putative class members.[2] See Lierboe v. State Farm. Mut. Auto Ins. Co., 350 F.3d 1018, 1022-23 (9th Cir. 2003). Here, there is no indication that Madenlian has any potential conflicts with the other class members. Furthermore, there is nothing to indicate that one class member's claim would be stronger or weaker than any other's. Accordingly, the Court finds that the proposed representation is fair and adequate as required by Rule 23(a)(4).

 Accordingly, the Court finds that the parties have met, for the purposes of preliminary approval, the requirements of Rule 23(a).

 **B. Rule 23(b)**

 The Court now addresses whether the proposed classes fall within the

---

[2] Some courts articulate this issue as a "typicality" problem under Rule 23(a)(3), see e.g., Franze v. Equitable Assurance, 296 F.3d 1250 (11th Cir. 2002) (reasoning that "[w]ithout individual standing to raise a legal claim, a named representative does not have requisite typicality to raise the same claim on behalf of the class"); however, many courts in the Ninth Circuit address a class representative's standing as an "adequacy" issue, and thus this Court analyzes the issue under Rule 23(a)(4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-01748 JVS (JPRx) | Date | September 22, 2014 |
| Title | Garo Madenlian v. Flax USA Inc., et al. | | |

requirements of 23(b). Under Rule 23(b)(3), a class action may be certified where (1) common questions of law and fact predominate over questions affecting individual members, and (2) a class action is superior to other means of adjudicating the controversy.

The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem, 521 U.S. at 623. The Court must rest its examination on the legal or factual questions of the individual class members. Hanlon, 150 F.3d at 1022. Here, as discussed above, there are common legal and factual issues relating to whether the labeling on the Products was misleading because of the Challenged Ingredients. Thus, the Court finds that common questions of law and fact predominate.

Next, the Court must consider if a class suit is superior to individual suits. "A class action is the superior method for managing litigation if no realistic alternative exists." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234-35 (9th Cir. 1996). The Court considers: (1) the class members' interests in individually prosecuting separate actions; (2) the extent and nature of any litigation concerning the controversy that has already been brought by class members; (3) the desirability of concentrating the litigation in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(a)-(d). Here, it is unlikely that individual class members would seek to prosecute separate actions because the cost of litigation would likely exceed any expected recovery. In addition, as a matter of judicial economy, a class action to resolve the issue of whether the labeling used by Flax USA on its Products was reasonably likely to mislead consumers is preferable to hundreds of individual suits. Thus, the proposed class action is superior to individual suits.

Accordingly, the Court finds that Madenlian has sufficiently satisfied the requirements of Rule 23 for the purposes of preliminary class certification.

**IV.    Preliminary Approval of Class Settlement**

The Court now considers whether the Settlement is fair, adequate, and reasonable by reviewing the terms of the Settlement and the Class Notice.

   **A.    Settlement Terms**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-01748 JVS (JPRx)  Date  September 22, 2014

Title  Garo Madenlian v. Flax USA Inc., et al.

Under the terms of the Settlement, Flax USA has agreed to both injunctive and monetary relief. First, Flax USA has agreed to refrain from using the phrase "all natural" on any packaging for the Products printed in the future. (Settlement § IV.D.) In addition, the Settlement provides the following monetary awards to class members who submit eligible claims.[3] Class members may seek $3.25 per carton for every Product purchased during the Settlement Class Period (up to a maximum of 10 cartons per name or address) for which they indicate on the claim form both (1) the name of the retailer where the Product was purchased and (2) the city and state where the retailer is located. (Id. § IV.A.) Alternatively, class members may seek $2.50 per carton for every Product purchased during the Settlement Class Period (up to a maximum of 10 cartons per name or address) without providing retailer information. (Id.) Flax USA has agreed to pay these eligible claims and the costs of settlement administration from a Settlement Fund of $260,000.[4] (Id. § IV.B.) The parties estimate that the administrative costs shall not exceed $10,000, which leaves $250,000 to pay class members for eligible claims and the costs associated with processing these claims. (Mot. 9-10.) If the amount used to pay eligible claims is less than the full amount of the Settlement Fund, the remainder shall be retained by Flax USA. (Settlement § IV.B.) However, if the value of the claims received exceeds the funds available, then each claimant's recovery will be reduced on a pro rata basis. (Id.) Lastly, the Settlement Agreement also provides for the release of all claims or causes of action arising out of the facts asserted in the FAC, including claims arising out of "all natural" labeling. (Id. § I.A(24), VII.)

## B.  Preliminary Approval Factors

The Settlement Agreement was reached following a settlement conference with Magistrate Judge Rosenbluth on June 20, 2014. (Goon Decl. ¶ 3; Yadenlian Decl. ¶ 15.) There is no evidence that the agreement is the result of fraud or collusion. All negotiations seem to have occurred at arm's-length, as the parties contend.

---

[3] To be eligible, claims must truthfully and legibly provide all the required information requested in the claim form and be received prior to the claim deadline. The claims must also be verified under penalty of perjury. In addition, the class action settlement administrator retains discretion to disqualify claims suspected to be fraudulent. (Settlement § IV.C, Ex A.)

[4] As noted below, any award of attorneys' fees and costs and any class representative incentive award determined by this Court will be paid separately by Flax USA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-01748 JVS (JPRx)                              Date  September 22, 2014

Title     Garo Madenlian v. Flax USA Inc., et al.

Furthermore, it appears that the parties have thoroughly investigated the facts behind the class claims. The parties engaged in informal discovery efforts. More specifically, prior to the mediation session, Madenlian and Flax USA exchanged certain information, including sales and revenue data as well as information about the Products' ingredients. (Goon Decl. ¶ 4; Yadenlian Decl. ¶ 16.) In addition, the parties wrote detailed mediation briefs describing their legal positions. (Id.) Therefore, the Court finds that the parties reached this Settlement after well-informed and adversarial negotiations, in which the strengths and weaknesses of the claims and defenses of the parties were considered.

The parties disagree about the strength of the other's case. Madenlian believes that the claims asserted in this case have merit and are supported by substantial evidence; however, he also acknowledges the inherent risk and expense associated with prolonging the litigation instead of settling it, including delay and uncertainty. (Yadalian Decl. ¶ 14.) Notably, Flax USA vehemently denies any wrongdoing and also disputes Madenlian's ability to certify a national class. (Goon ¶ 2.) Accordingly, along with experienced counsel, Madenlian has determined that the Settlement is in his best interest. (Mot. 13-14.)

The Court also finds that the Settlement is fair in light of the benefit conferred on the class members. First, Flax USA has agreed to refrain from using the phrase "all natural" on any future labeling produced for the Products. In addition, the monetary recovery available to class members appears fair on its face. Flax USA does not know the average retail price of its Products; however, the Products are currently available from Swanson Health Products and Amazon.com at a price of $3.69 per carton. (Goon Decl. ¶ 5, Ex. 1.) Therefore, $3.25 per carton represents approximately 88% of the retail price and $2.50 per carton represents approximately 68% of the retail price. These amounts appear reasonable. The Court also concludes that it is fair to provide a greater recovery to claimants who provide the optional retailer information given that such information is meant to serve as a check on false claims. (See Mot. 10.) The total Settlement Fund amount of $260,000 similarly appears fair. Total national sales of the Products is estimated between 670,320 to 707,560 cartons. (Stober Decl. ¶¶ 6-7.) Using the estimated number of sales, the award would necessarily have to be prorated and would be $.35 to $.37 per carton purchased, or in the range of 10% of the agreed damage figure, should the maximum number of claims be received. While meager, this is in the arrange of acceptable settlement recoveries. Of course, if less than all purchasers made a claim, individual recoveries would be higher. See, e.g., In re

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-01748 JVS (JPRx) | Date | September 22, 2014 |
| Title | Garo Madenlian v. Flax USA Inc., et al. | | |

Cendant Corp., 232 F. Supp. 2d 327, 336 (D.N.J. 2002) (approving a settlement amount representing less than two percent of the total maximum recovery amount). The Court finds that the amount of recovery obtained for the class is a reasonable compromise in light of the uncertainties associated with continued litigation.[5]

After reviewing the significant terms of the Settlement, the Court finds that the terms compare favorably to the uncertainties associated with further litigation. See Nat'l Rural Telecomm. Coop. v. Hughes Commc'ns Galaxy, Inc., 221 F.R.D. 523, 526 (C.D. Cal. 2004). "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." Id. Thus, settlement will likely serve the interests of the class members better than litigation in this case.

### C. Notice

"Adequate notice is critical to court approval of a class [action] settlement." Hanlon v. Chrysler Corp., 150 F.3d at 1025; Fed. R. Civ. P. 23(e)(1). A class action settlement notice "is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." Churchill Vill., LLC v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004) (internal quotations and citations omitted).

The proposed notice is clear and adequately conveys necessary relevant information regarding the Settlement.[6] It provides a general description of the litigation and an explanation of the available recovery amount for each class member. It also explains the effect on the class members' claims if they file a claim or an exclusion form, if they object to the settlement, or if they do not respond at all. Finally, it spells out procedures for filing a claim, opting out of the settlement, objecting to the settlement, and obtaining more information.

Given the nature of the consumer product at issue in this litigation, the contact

---

[5] The merit of the settlement amount is enhanced by the fact that attorney's fees are not coming out of the fund.

[6] The proposed notice ("Notice") is attached as Exhibits A and B to the Settlement Agreement. (See Docket Nos. 34-1, 34-2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 13-01748 JVS (JPRx)  Date  September 22, 2014

Title  Garo Madenlian v. Flax USA Inc., et al.

information for the individual class members cannot be identified through reasonable efforts. (Mot. 20.) More specifically, the Products were sold to distributors and then sold to consumers through grocery retailers, meaning that Flax USA has no records available to reasonably identify purchasers of the Products nationwide. (Stober Decl. ¶¶ 2, 5.) The parties propose that the notice be made available to class members via publication in two ways: (1) the establishment of a dedicated website, www.FlaxMilkSettlement.com, and (2) publication of the Notice on the website TopClassActions.com. (Mot. 21.) The Court concludes that internet notice is a valuable first step in giving notice, but is not itself sufficient. The Court believes that publication is necessary to alert the class members to the availability of the websites through which the class members may make claims. For the very reason that class members are unlikely to pursue individual claims, they are unlikely to search the web for redress. In light of these concerns, at the hearing on September 22, 2014, the parties proposed two publications of the Notice in USA Today prior to the opt out and objection deadline. The Court concludes that this proposed publication plan is fair and reasonable.

The parties also propose that Gilardi & Co., LLC be appointed class action settlement administrator (the "Administrator"). (Settlement § I.A.7.) The Administrator shall be responsible for assisting in arranging for the publication of the notice on TopClassActions.com as well as establishing and maintaining a website dedicated to the Settlement. (Id. ¶ V.C.) In addition, the Administrator will help with handling returned mail not delivered to claimants, answering inquires from class members, receiving correspondence from class members, and receiving and processing claims. (Id.)

The parties propose that the Notice be published no later than 30 days after the Court's Preliminary Approval Order. (Id. § V.B.) The Agreement also provides that class members must submit eligible claims no later than 180 days following the date of publication. (Id. §§ I.A.3, IV.C.1.) In addition, class members must submit exclusion forms or object to the Settlement no later than 60 days after the date of publication. (Id. §§ V.B, V.C.)

The Court finds this notice and claim administration plan to be fair, adequate, and reasonable, and to comply with all requirements set forth in Rule 23(c)(2).

**D.    Attorney Fees, Costs, and Class Representative Enhancement**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-01748 JVS (JPRx) | Date | September 22, 2014 |
| Title | Garo Madenlian v. Flax USA Inc., et al. | | |

     According to the Settlement Agreement, Madenlian will submit an application for an award of reasonable costs and attorney's fees, in an amount not to exceed $70,000. (Settlement § VIII.A.) This payment will not come from the Settlement Fund; rather, Flax USA will pay this amount separately to Class Counsel. (Id.) Under the terms of the Settlement, Class Counsel may also apply for an incentive award for Madenlian in an amount not to exceed $5,000. (Id. § VIII.B.) Similarly, this award will be paid separately from the Settlement Fund. (Id.) Given that Class Counsel and Madenlian apparently intend to make a separate motion for these awards at a later date, the Court does not consider the reasonableness of these awards at this time.

     The Court expects that when Madenlian seeks final approval, he will adequately support any request for attorneys' fees and costs with evidence, such as detailed billing records. The Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees." Hanlon, 150 F.3d at 1029. In addition, Madenlian should cross-check any requested fee award under the lodestar method. The lodestar is calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonably hourly rate." Id. at 965 (citation omitted). This figure may be adjusted up or down based on certain factors. Id. Counsel should be advised, however, that "there is a 'strong presumption' that the lodestar figure is reasonable," and that the circumstances warranting adjustment are rare. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 554 (2010).

     The Court will also examine Madenlian's requested incentive award. The Ninth Circuit observed in Rodriguez v. West Publishing Corp., 563 F.3d 948 (9th Cir. 2009) that:

> Incentive awards are fairly typical in class action cases. . .[,] are discretionary, and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general.

Id. at 958-59 (citations omitted). It appears that Madenlian expended considerable time and effort on this case, including attending the settlement conference. (Yedalian Decl. ¶ 17.) The Court preliminarily finds that the incentive award is reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-01748 JVS (JPRx) | Date | September 22, 2014 |
| Title | Garo Madenlian v. Flax USA Inc., et al. | | |

In sum, the Court finds preliminarily that the proposed settlement is sufficiently fair, adequate, and reasonable so that it should be submitted to the class members. The Court will, however, require a further showing of fairness prior to final approval. Accordingly, the Court grants preliminary approval.

**V.     Conclusion**

For the following reasons, the motion for preliminary approval of the class action settlement is **GRANTED**. In summary, the Court orders that:

1. The Settlement Class be preliminarily certified under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes;
2. Garo Madenlian be designated as class representative;
3. Chant Yedalian of Chant & Company A Professional Law Corporation be appointed as class counsel for settlement purposes;
4. The proposed Settlement is found sufficiently fair, adequate, and reasonable to merit preliminary approval and notification to class members;
5. Gilardi & Co. LLC be appointed claim administrator;
6. The Notice shall be made available to class members on the websites FlaxMilkSettlement.com and TopClassActions.com and through print publication.

Madenlian should submit a table of dates for all events leading to the final approval hearing.

IT IS SO ORDERED.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-01748 JVS (JPRx)                             Date   September 22, 2014

Title   Garo Madenlian v. Flax USA Inc., et al.

                                                                                    :   14

Initials of Preparer:   kjt